**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                    No. 00-4553

THOMAS CONYERS,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-99-363)

Submitted: October 17, 2001

Decided: November 14, 2001

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Beth Farber, Assistant Federal
Public Defender, Baltimore, Maryland, for Appellant. Stephen M.
Schenning, United States Attorney, Juan C. Zarate, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Thomas Conyers appeals his conviction after a jury trial of being a felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C.A. § 922(g) (West 2000); 18 U.S.C. § 2 (1994). On appeal, Conyers argues the district court erred in denying his motion to suppress evidence obtained as a result of an allegedly illegal stop and seizure. Finding no reversible error, we affirm.

We review the district court's findings of fact on a denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). We construe the evidence in the light most favorable to the Government, the prevailing party below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Conyers' conviction arose from an incident in which police officers approached Conyers and two unidentified men who appeared to be drinking in public on the steps of a residence. Conyers looked at the officers and reached toward the small of his back, which the officers interpreted as Conyers' effort to hide a firearm or other dangerous object. When Conyers was asked to stand, the officers found ammunition and a firearm behind him. We have reviewed the record and the parties' briefs and are satisfied that to the extent the encounter was an investigatory detention under *Terry v. Ohio*, 392 U.S. 1 (1968), the officers had reasonable suspicion to act as they did. *See, e.g.*, *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (examining police conduct in the context of the totality of the circumstances). Thus, the district court properly denied Conyers' motion to suppress.

We therefore affirm Conyers' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*